UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MAJANDRA LIMON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>LALA HEALTHCARE SOLUTIONS, LLC AND CHANTAL TORRAIN, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-cv-132 |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Majandra Limon ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Lala Healthcare Solutions, LLC and Chantal Torrain, Individually, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Lala Healthcare Solutions, LLC and Chantal Torrain ("Defendants") have violated the FLSA by failing to pay overtime premiums to its licensed practical/vocational nurses.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Majandra Limon is an individual residing in this judicial district.  Her notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.  At all relevant times, Limon was an "employee" of Defendants as defined by the FLSA.  At all relevant times, Defendants were Limon's "employer" as defined by the FLSA.

5. Plaintiffs are Defendants' current and former licensed practical/vocational nurses who were paid straight time for all hours worked and who were not paid overtime premiums for any hours worked over forty in a workweek.

6. Defendant Lala Healthcare Solutions, LLC  is a domestic limited liability company formed and existing under the laws of the State of Texas.

7. Defendant Lala Healthcare Solutions, LLC was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

8. Defendant Lala Healthcare Solutions, LLC can be served by serving its registered agent for service of process, Scott W. O'Brien, at 1445 Ross Avenue, Dallas, Texas 75202.

9. Defendant Chantal Torrain is the owner and director of Defendant Lala Healthcare Solutions, LLC

10. Defendant Chantal Torrain was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

11. Defendant Chantal Torrain can be served at 500 N. Akard St., Suite 1500, Dallas, Texas 75201, or at 4713 Parkhaven Dr., Garland, Texas 75043, or wherever else she may be found.

12. At all times hereinafter mentioned, Chantal Torrain exercised managerial responsibilities and substantial control over Lala Healthcare Solutions, LLC's employees, including Limon, and the terms and conditions of their employment. Chantal Torrain had and exercised the authority to: hire, fire and direct Lala Healthcare Solutions, LLC's employees, including Limon; supervise and control the employment relationships and work schedules of Lala Healthcare Solutions, LLC's employees, including Limon; set and determine the rate and method of pay of Lala Healthcare Solutions, LLC's employees, including Limon; and decide whether Limon received overtime compensation. Chantal Torrain also kept and maintained employment records for all employees of Lala Healthcare Solutions, LLC, including Limon.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

14. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

15. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendants are subject to this Court's personal

jurisdiction for purposes of this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

16. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

17. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers, medical supplies and medical equipment that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

21. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom

Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

22. Defendants operate a home health care company, providing patients with nursing care in their homes.  Defendants employ licensed practical/vocational nurses, among other employees, to provide this care to their patients.

23. Named Plaintiff was employed by Defendants as a licensed practical/vocational nurse from October 2020 through February 4, 2021.  Throughout her employment with Defendants, Named Plaintiff consistently worked more than forty hours per workweek.

24. Named Plaintiff never received overtime premiums for any hours worked over forty per workweek.

25. Instead, Named Plaintiff was paid straight time for all hours worked over forty in a workweek.

26. Defendants regularly refused to pay Plaintiffs overtime premiums for any hours worked over forty per workweek.

27. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not properly compensated for their overtime hours.  Defendants required the Plaintiffs to work the long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week.  Nonetheless, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

28. Defendants have employed and are employing other individuals as licensed practical/vocational nurses who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties and have been denied overtime

compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

29. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another.  Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek.  Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

31. Defendants have a policy or practice of not paying their licensed practical/vocational nurses overtime premiums for any hours worked over forty per workweek.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiff also applies to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All current and former licensed practical or licensed vocational nurses of Defendants who were not paid overtime premiums for any hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

32. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    b.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.  For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d.  For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**